# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| GILMART, LTD., an Illinois Corporation, | ) Case No.: 06 B 11827 |
| | ) Hon. Susan Pierson Sonderby |
| Debtor. | ) |

## STIPULATION AND FINAL ORDER AUTHORIZING THE CHAPTER 11 TRUSTEE TO OBTAIN UNSECURED POSTPETITION DEBT PURSUANT TO SECTION 364(b) OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

THIS CAUSE comes before this Court on the Chapter 11 Trustee's Motion to Incur Unsecured Debt Pursuant to 11 U.S.C. § 364(b) (the "Motion") filed by Alex D. Moglia, not individually, but in his capacity of Chapter 11 Trustee (the "Trustee") of Gilmart, Ltd. (the "Debtor"). As set forth in the Motion, the Trustee sought entry of an Order (i) authorizing the Trustee, on behalf of the Debtor, to incur unsecured debt in an amount up to $500,000 on an interest-free basis (the "Unsecured Financing") from the Louise Makuch Revocable Trust[1] (or its designee, the "Lender") pursuant to §364(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), Rule 4001(c) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Local Rule 4001-2, (ii) granting the Lender an allowed Chapter 11 administrative expense claim pursuant to §503(b)(1) of the Bankruptcy Code up to the amount of the Unsecured Financing actually borrowed, and (iii) scheduling a final hearing on the Motion (the "Final Hearing"), and establishing notice procedures in respect thereof, to consider entry of a final order authorizing

---

[1] Anna Gil is the daughter of Louise Makuch (deceased).

CHICAGO/#1663632.2

the Unsecured Financing; the Court having conducted the Final Hearing on July 24, 2007; due and sufficient notice of the Motion having been given; and upon the entire record made at the Final Hearing,

## IT APPEARING TO THE COURT THAT, AFTER DUE CONSIDERATION:

1. This Court has core jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (D) and 1334.

2. On September 20, 2006, an involuntary Chapter 7 petition was filed against the Debtor. On October 11, 2006, the Court entered an Order for Relief. On October 18, 2006, the Court entered an Order granting the Debtor's Motion to Convert Chapter 7 Case to Chapter 11.

3. On February 16, 2007, the Court entered an Agreed Order appointing a Chapter 11 Trustee with limited powers. The identity of the Trustee was approved pursuant to the Court's Order dated February 27, 2007. On May 9, 2007, this Court entered a second Agreed Order expanding the powers and responsibilities of the Trustee.

4. No committee of unsecured creditors has been appointed in this case.

5. The Unsecured Financing is required to pay administrative costs incurred during the chapter 11 case, including, without limitation, liability insurance, U.S. Trustee fees, taxes, salary, allowed fees and costs of professionals, inventory and other expenses incident to the operation of the Debtor's business. In the absence of the Unsecured Financing, the Trustee will not have the ability to timely pay such administrative expenses, including the expenses necessary to operate in the ordinary course of business, resulting in either (a) a conversion of the chapter 11 case to chapter 7, or (b) drastic cuts in the Debtor's business operations. The effect of the foregoing would result in a long-term negative impact on the value of the Debtor and its business, to the prejudice and detriment of the Debtor's creditors and equity holders.

Document    Page 3 of 5

6. Good cause has been shown for the entry of this Order and the Unsecured Financing is in the best interest of the Debtor and its estate.

7. Notwithstanding that Anna Gil is an insider of the Debtor, the terms and conditions set forth herein are fair and reasonable, were negotiated by the parties at arms' length and entered into by the parties in good faith, and are the best available to the Debtor under the present market conditions and financial circumstances of the Debtor. The Trustee and the Lender have acted in good faith in negotiating the terms of the Unsecured Financing; therefore, the Unsecured Financing extended to the estate by Lender is deemed to be extended and made in good faith, as that term is used in Bankruptcy Code §364(e).

8. In accordance with the Stipulation and Interim Order entered by the Court on June 13, 2007, notice of the Final Hearing and the relief requested in the Motion have been given to (i) the Office of the United States Trustee, (ii) counsel to Debtor, (iii) the Lender, (iv) the creditors holding the 20 largest unsecured claims against the Debtor; and (v) counsel to Joseph Gil.

9. At the Final Hearing, the Court considered representations made by counsel, offers of proof, and/or testimony regarding:

    (a) the negotiations pertaining to this Order; and

    (b) the necessity for this Order.

10. Based on the record presented to the Court by the Trustee at the Final Hearing, the terms of the Unsecured Financing appear to be fair and reasonable, are ordinary and appropriate for unsecured financing to debtors in situations similar to this, reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

CHICAGO/#1663632.2

11. This Court concludes that entry of this Order is in the best interest of the Debtor's estate and creditors as its implementation will, among other things, provide the Trustee with the necessary funds to conduct and complete the sale of the Debtor's business and maximize the value of the Debtor's assets for the benefit of its creditors and estates.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT, EFFECTIVE IMMEDIATELY:**

A. The Trustee, on behalf of the Debtor, is hereby authorized to obtain the Unsecured Financing, on an interest-free basis, from the Lender pursuant to the terms and conditions of this Order. The Trustee is authorized to use the proceeds of the Unsecured Financing to pay allowed administrative expenses of this chapter 11 case including, without limitation, employee compensation, ordinary course operating expenses, and allowed professional fees and expenses.

B. In consideration of the Unsecured Financing, the Lender shall have an allowed chapter 11 administrative claim in an amount equal to the funds actually advanced by the Lender, up to $500,000. The administrative claim shall be paid or otherwise satisfied in accordance with the terms of a confirmed plan of reorganization or, in the event this chapter 11 case is converted to chapter 7, pursuant to further order of the Court. Provided that this case remains in chapter 11, the Lender shall not seek payment on account of its administrative claim prior to the closing date of any sale(s) contemplated in the plan of reorganization.

C. If the Lender (or any affiliate of the Lender) makes a bid to purchase the stock of the Debtor or substantially all of its assets in accordance with a plan of reorganization, the Unsecured Financing may be used to satisfy (or partially satisfy, if appropriate) any deposit requirement in connection with such sale. In such event, any conditions respecting deposits (including, without limitation, forfeiture upon breach) shall apply to the Lender.

D. This Order shall inure to the benefit of and be binding upon the Trustee, the Lender and their respective legal representatives, successors and assigns, including any Trustee appointed in any Chapter 7 proceeding.

**SO ORDERED, ADJUDGED, DECREED, AND STIPULATED THIS 24th DAY OF JULY, 2007.**

ENTER:

Honorable Susan Pierson Sonderby
United States Bankruptcy Judge

JUL 2 4 2007

ALEX G. MOGLIA, not individually, but solely in his capacity as Chapter 11 Trustee

By: _____
One of His Attorneys

Michael M. Eidelman (#6197788)
Ryan O. Lawlor (#6288339)
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003
(312) 609-7500 telephone
(312) 609-5005 facsimile

LOUISE MAKUCH REVOCABLE TRUST

By: _____
One of Her Attorneys

Steve Gustafson
James and Gustafson
55 South Main Street
Suite 394,
Naperville, Illinois 60540
(630) 428-2000 telephone
(630) 544-3288 facsimile